**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| GOLD FLORA, LLC, a California limited liability company; and BLACK LION FARMS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>CONSTELLATION NEWENERGY, INC., a Delaware corporation; ALTERNATIVE ENERGY DEVELOPMENT GROUP, LLC, a Pennsylvania limited liability company; SOLARSENSE, LLC, a Pennsylvania limited liability company; and DOES 1 through 50,<br><br>Defendants. | Case No. 8:24-cv-01813-JVS-JDE<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Note Changes by the Court]** |

  Based on the Stipulation (Dkt. 19) by and between Plaintiffs Gold Flora LLC and Black Lion Farms LLC ("Plaintiffs") and Defendants Constellation NewEnergy, Inc., Alternative Energy Development Group, LLC, and SolarSense, LLC ("Defendants") and the Court's independent review, for good cause shown, the Court finds and orders as follows.

1. <u>PURPOSES AND LIMITATIONS</u>

Plaintiffs and Defendants acknowledge discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the Court enters the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. <u>GOOD CAUSE STATEMENT</u>

Counsel for Plaintiffs and Defendants have conferred on the issue of the disclosure of certain information relevant to the claims and defenses in the above-captioned action. Plaintiffs and Defendants have agreed that both sides will likely propound discovery seeking information and documents related to confidential corporation financial information, funding information and programs, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties and their financial information), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.   ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See

Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. DEFINITIONS

4.1 Action: The above-titled lawsuit pending in the United States District Court in the Central District of California, Case No. 8:24-cv-01813-JVS-JDE.

4.2 Challenging Party: a Party that challenges the designation of information or items under this Order.

4.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party reasonably believes to be entitled to protection from public disclosure under applicable laws and regulations, including Federal Rule of Civil Procedure 26(c) and other examples specified above in the Good Cause Statement.

4.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5 Designating Party: a Party or Non-Party that designates information or items that are (or have been) exchanged or produced in disclosures, in responses to discovery, or otherwise, as "CONFIDENTIAL."

4.6 Disclosure or Discovery Material: all items or information, regardless of

the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery or other requests for documentation, or other exchanges or submissions in this matter.

  4.7 <u>Expert or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert or as a consultant in this Action (regardless of whether the individual serves as a witness). This definition includes any professional jury or trial consultant retained in connection with this litigation. An expert for purposes of this Order shall not include anyone who is a past or current employee of an opposing Party.

  4.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

  4.9 <u>Non-Party</u>: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

  4.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff (this also includes independent companies or agencies that Outside Counsel of Record directly retains on behalf of a Party to perform litigation support services, including for example stenographic or videographic services and other Professional Vendors).

  4.11 <u>Party</u>: Plaintiffs, Defendant, and any other party to this Action (including any party(ies) added after the date of this stipulation or its entry by the Court),, including all of their respective officers, directors, and/or current employees (but not including other agents that are not employees, such as Outside Counsel of Record and Experts or Consultants).

4.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern trial in any way. Nothing in this Order shall be construed as requiring disclosure of documents, information or any other materials that are subject to applicable privileges or immunities or that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.  Nothing herein shall be construed as an admission or concession by any party that any Protected Material constitutes relevant, material, or admissible evidence in this matter.

6.   DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be

deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  However, this provision is not intended and shall not be construed as a waiver by any party of its rights to seek to use Protected Material at trial and the parties agree to timely meet and confer as needed regarding the use of any Protected Material at trial.  This Order does not apply to any Protected Material once such material is entered into the public record at trial.

7. <u>DESIGNATING PROTECTED MATERIAL</u>

7.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

7.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see e.g., second paragraph of section 7.2(a) below), or as otherwise

1  stipulated or ordered, Disclosure of Discovery Material that qualifies for protection
2  under this Order must be clearly so designated before the material is disclosed or
3  produced.  This, however, does not preclude a Designating Party from designating
4  Protected Material previously produced in this action prior to the Parties' entry of this
5  Stipulated Protective Order.

6                Designation in conformity with this Order requires:

7     (a)   for information in documentary form (e.g., paper or electronic
8  documents, but excluding transcripts of depositions or other pretrial or trial
9  proceedings):

10        (i)   Documents Produced in Image, PDF, or hardcopy form
11  ("Image"). The Designating Party shall place on each page the following legend:
12  "CONFIDENTIAL." The legend shall not obscure any content of the original
13  document. Any person making a copy of the image, if authorized under this Order,
14  shall ensure that the same legend shows on the copy.

15        (ii)   Documents Produced in Native Format ("native file"). A
16  Designating Party shall rename each native file to include, at the end of the file name
17  and prior to the file extension, the following language: "CONFIDENTIAL." Any
18  person making any copy of the native file, if authorized under this Order, shall not
19  rename the file to remove the confidentiality legend.

20     (b)   for deposition testimony, that the Designating Party identify the
21  Disclosure or Discovery Material on the record, before the close of the deposition all
22  protected testimony:

23      The Designating Party may designate protected information disclosed during
24  deposition testimony and exhibits as "CONFIDENTIAL" and request the preparation
25  of a separate transcript of such material.  Such separate transcript shall include both
26  deposition testimony and exhibits so designated.  In addition, deposition transcripts
27  (including rough transcripts) and exhibits shall be deemed CONFIDENTIAL for
28  thirty (30) days after the Parties' receipt of the final transcript from the court reporter

(for avoidance of doubt, "final transcript" as used herein does not mean the "certified" transcript after the witness has had the opportunity to provide his or her errata). A Designating Party may designate in writing, within thirty (30) days after receipt of any final deposition transcript in the Action, the specific pages of the transcript and exhibits to be treated as "CONFIDENTIAL." The Designating Party shall then be responsible to notify the Court Reporter and the Court Reporter shall provide a separate transcript which shall include both deposition testimony and exhibits so designated.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL,"" as instructed by the Party offering or sponsoring the witness or presenting the testimony.

(c)    for information contained in responses to written discovery:

A Designating Party may designate information exchanged in disclosures or in response(s) to written discovery requests (including subpoenas) as "CONFIDENTIAL" by so indicating in a prominent manner (i) on the caption page of said responses (identifying specific responses being so designated), (ii) on each page of any documents produced with such responses, and/or (iii) as otherwise provided in Paragraph 5.2 above. In addition, a Designating Party may designate in writing, within thirty (30) days after receipt of a non-party's responses to written discovery requests, the specific responses, documents, and/or other information to be treated as "CONFIDENTIAL."

7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and the Local Rules.

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 <u>The burden of persuasion in any such challenge proceeding shall be on the Designating Party</u>. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated

"CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts and Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) court reporters and their staff;

    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

### 10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### 11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request that such person or persons to return and/or destroy all copies of all materials so disclosed.

### 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil\ Procedure 26(b)(5)(B). This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

If the Receiving Party receives documents, electronically stored information ("ESI"), or other forms of information from the Producing Party that, upon inspection or review, appear to contain or constitute privileged information, the Receiving Party shall immediately stop review of such information, shall not distribute it further even amongst the Party's own case team except as strictly necessary to confirm the privileged nature of its contents, promptly sequester the potentially privileged information, and immediately identify the potentially privileged information to the Producing Party.

The Receiving Party may object to the Producing Party's designation of disclosed information as privileged material by providing written notice of such objection within seven days of its receipt of a written demand for the return of the disclosed privileged material. The Parties will strictly comply with Local Rules 37-1 and 37-2 in connection with any dispute regarding the designation of information as privileged material. Pending resolution of any such dispute by the Court, the Receiving Party shall not review and shall not use the disclosed privileged material in any respect.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review and segregation for withholding from production documents, ESI or other information (including metadata) based on the lack of relevance or

responsiveness, or the existence of a privilege or other protection from disclosure.

13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material, whether its own or material so designated by another Party or Non-Party, must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. [RESERVED]

15. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

16. **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

For good cause show, it is SO ORDERED.

DATED: October 24, 2024

_____
JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## Acknowledgment and Agreement to be Bound

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on October 24, 2024, in the case of *Gold Flora, LLC., et al. v. Constellation NewEnergy, Inc., et al.*, Case No. 8:24-cv-01813-JVS-JDE. I agree to comply with and to be bound by all the terms and conditions of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name (and title, if applicable): _____

Signature: _____

**EXHIBIT A**